TIPOGRAPH PATENTED SWEAT BAND CORPORATION, Appellant, *v.* SAMUEL RAPPAPORT and Others, Copartners, Doing Business under the Firm Name and Style of S. B. RAPPAPORT & SONS, Respondents.

First Department, March 18, 1927.

Patents — action by assignee of licensor to restrain defendants from putting out articles without imprint on each article stating that it was manufactured under license — complaint states facts sufficient to constitute cause of action in equity — demand for accounting is merely incidental.

The plaintiff brings this action in equity as assignee of the licensor of patented articles to restrain the defendants, licensees, from selling the patented articles without an imprint on each article that it was manufactured pursuant to license. The agreement between the plaintiff's assignor and defendants provided for such imprint. The complaint states facts sufficient to constitute a cause of action in equity, and the mere fact that it incidentally seeks an accounting does not make the complaint insufficient.

APPEAL by the plaintiff, Tipograph Patented Sweat Band Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of June, 1926, granting defendants' motion to dismiss the complaint.

*Jacob Schechter* of counsel [*John L. Lotsch* and *Leslie Lester* with him on the brief; *Schechter & Lotsch*, attorneys], for the appellant.

*Samuel D. Cohen* of counsel, for the respondents.

PER CURIAM. The complaint sufficiently charges that under the agreement of license between plaintiff's assignor and defendants the defendants covenanted to imprint upon every article manufactured pursuant to the license a legend stating that it was so manufactured and that the defendants have breached and are threatening to continue to breach this covenant. These allegations sufficiently give *prima facie* basis for injunctive relief prayed for in the complaint. The claim for an accounting is an incident to the prayer for injunctive relief. The complaint, therefore, states a cause of action in equity.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to dismiss the complaint denied, with ten dollars costs.

Present — DOWLING, P. J., FINCH, McAVOY, O'MALLEY and PROSKAUER, JJ.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.